```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AMAZON PRODUCE NETWORK, LLC      :    CIVIL ACTION
                                 :
          v.                     :
                                 :
NYK LINE aka NIPPON YUSEN        :
KAISHA aka NYK LINE (NORTH       :
AMERICA) INC.                    :    NO. 15-952
_____

AMAZON PRODUCE NETWORK, LLC      :    CIVIL ACTION
                                 :
          v.                     :
                                 :
NYK LINE aka NIPPON YUSEN        :
KAISHA aka NYK LINE (NORTH       :
AMERICA) INC.                    :    NO. 15-953
_____

AMAZON PRODUCE NETWORK, LLC      :    CIVIL ACTION
                                 :
          v.                     :
                                 :
NYK LINE aka NIPPON YUSEN        :
KAISHA aka NYK LINE (NORTH       :
AMERICA) INC.                    :    NO. 15-954
```

MEMORANDUM

Bartle, J.                                    September 21, 2015

These three actions arise under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note.[1] The complaints invoke this Court's admiralty or maritime jurisdiction under

---

1. The Complaints make reference to COGSA in its previous form, 46 U.S.C. §§ 1300 et seq. In 2006, COGSA was recodified at 46 U.S.C. § 30701 historical and statutory notes. Act of Oct. 6, 2006. Pub. L. No. 109-304, 120 Stat. 1485; see also, e.g., Starrag v. Maersk, Inc., 486 F.3d 607, 610 n.1 (9th Cir. 2007).

28 U.S.C. § 1333 as well as its jurisdiction under 28 U.S.C. § 1337 relating to Acts of Congress regulating commerce.

The plaintiff, Amazon Produce Network, LLC, a fruit importer, alleges that it contracted as consignee for various shipments of mangoes from Nicaragua and Costa Rica.  The mangoes were carried aboard the M/V ENA and the M/V HAMMONIA ROMA chartered by defendant NYK Line a/k/a Nippon Yusen Kaisha a/k/a NYK Line (North America), a Japanese corporation.  When the mangoes arrived at Port of Los Angeles, California, they were damaged.  Plaintiff seeks to recover for its losses.

The defendant has moved to dismiss all three cases on the basis of a forum selection clause which provides for dispute resolution in a Japanese Court under Japanese law.  The terms and conditions governing the shipments of the mangoes were contained in sea waybills or bills of lading.  They all included the same forum selection clause:

> (Governing Law and Jurisdiction) The contract evidenced by or contained in this Bill shall be governed by Japanese law except as may be otherwise provided herein. Notwithstanding anything else to the contrary contained in this Bill or in any other contract, any and all actions against the Carrier in respect of the Goods or arising out of the Carriage shall be brought before the Tokyo District Court in Japan to the exclusion of the jurisdiction of any other courts . . . .

Plaintiff contends that the application of Japanese law would contravene COGSA.  Plaintiff also maintains that the

defendant's motion must be denied as procedurally flawed because defendant has incorrectly sought dismissal for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

The Supreme Court, in <u>Atlantic Marine Construction Co. v. U.S. District Court</u>, __ U.S. __, 134 S. Ct. 568 (2013), delineated the proper procedural mechanism for enforcing a forum selection clause in a contract.[2]  The Court explained that if venue is proper under 28 U.S.C. § 1391, a motion to dismiss under Rule 12(b)(3) for improper venue or a motion to dismiss or transfer under 28 U.S.C. § 1406(a)[3] because venue is laid in the wrong district cannot be the basis on which to proceed where the forum selection clause calls for adjudication in a different <u>federal</u> forum.  Instead, a motion to transfer must be made under 28 U.S.C. § 1404(a).[4]

---

2.  The parties to the contract were a construction company and its subcontractor.  The subcontractor's lawsuit against the construction company was filed in the Western District of Texas. The forum selection clause required the lawsuit to be brought in the Circuit Court in the City of Norfolk, Virginia, or in the U.S. District Court for the Eastern District of Virginia, Norfolk Division.  The construction company moved to dismiss for wrong venue under 28 U.S.C. § 1406(a) and improper venue under Rule 12(b)(3) and in the alternative for transfer under 28 U.S.C. § 1404(a) to the Eastern District of Virginia.

3.  28 U.S.C. § 1406(a) provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

4.  28 U.S.C. § 1404(a) reads:  "For the convenience of parties and witnesses, in the interest of justice, a district court may

When venue is proper and the forum selection clause calls for dispute resolution in a state or foreign tribunal, it is not possible to effect a transfer under § 1404(a).  In this circumstance, the Supreme Court instructs that the defendant must seek dismissal under the doctrine of forum non conveniens.  Id. at 580.

These pending actions, as noted above, rely on this Court's admiralty jurisdiction under 28 U.S.C. § 1333 as well as on its jurisdiction under 28 U.S.C. § 1337 over Acts of Congress regulating commerce.  Admiralty actions, with certain exceptions, are deemed to be civil actions governed by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 1 & 2.  The venue statute, 28 U.S.C. § 1391, does not apply to admiralty claims.  See 28 U.S.C. § 1390(b); Fed. R. Civ. P. 82.  In admiralty, an action may be brought against a corporation in any district court as long as the court has personal jurisdiction over it.  In other words, venue and personal jurisdiction in this instance are conflated. Sunbelt Corp. v. Noble, Denton & Assoc., Inc., 5 F.3d 28, 31 n.5 (3d Cir. 1993).  However, the law with respect to the transfer of non-admiralty civil actions governs the transfer of admiralty actions.  See 28 U.S.C. § 1390(b).

---

transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The defendant states in its supporting brief that it is moving to dismiss for improper venue based on Rule 12(b)(3), although the motion itself never mentions the Rule. There is also no specific reference to forum non conveniens. Defendant simply makes the straightforward argument that the forum selection clause renders venue improper. Nowhere in its motion or brief does defendant assert that venue in the Eastern District of Pennsylvania is improper under § 1391 or that personal jurisdiction (and thus proper admiralty venue) is lacking. Thus, on the record before us, venue is proper in this district and the correct ground to support a motion to dismiss because of a forum selection clause is the doctrine of forum non conveniens. See Atl. Marine Constr. Co., 134 S. Ct. at 580.

While defendant references Rule 12(b)(3) and not forum non conveniens, it relies in its brief on cases where that doctrine is the basis for the court's decision. We conclude that defendant, albeit inartfully, has done enough to advocate under the appropriate procedural vehicle for its motion to dismiss. Consequently, we must determine whether principles of forum non conveniens preclude enforcement of the forum selection clauses.

The Supreme Court has explained that the principles governing the doctrine of forum non conveniens are the same as those under 28 U.S.C. § 1404(a), which is merely a codification of the doctrine. Atl. Marine Constr. Co., 134 S. Ct. at 574.

Nonetheless, when a forum selection clause is at issue, the usual § 1404(a) balancing-of-interest analysis does not apply. No weight is to be given to plaintiff's choice of forum or to the parties' private interests or to the original venue's choice of law rules as articulated in <u>Van Dusen v. Barrack</u>, 376 U.S. 612 (1964). <u>Cf.</u> <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 880 (3d Cir. 1995). The Court may only consider public interest factors. <u>Atl. Marine Constr. Co.</u>, 134 S. Ct. at 581-83. As the Supreme Court concluded, "in all but the most unusual cases . . . , 'the interest of justice' is served by holding parties to their bargain." <u>Id.</u> at 583; <u>see</u> <u>also</u> <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1 (1972).

  The plaintiff, relying on the public interest, argues that the forum selection clause should not be honored because a Japanese court would not fully apply COGSA. We turn to its provisions.

  Congress has dictated that COGSA "applies to a carrier engaged in the carriage of goods to or from any port in the United States." 46 U.S.C. § 30702. Since the mangoes were shipped from Nicaragua and Costa Rica to Los Angeles, COGSA is clearly implicated. The statute includes the following language:

> (8) Any clause, covenant, or agreement in a contract of carriage relieving the carrier or the ship from liability for loss or damage to or in connection with the goods, arising from negligence, fault, or failure in the duties and obligations provided in

>this section, or lessening such liability otherwise than as provided in this Act, shall be null and void and of no effect.

COGSA § 3(8), 46 U.S.C. § 13701 note.

>COGSA further provides:
>
>(5) Neither the carrier nor the ship shall in any event be or become liable for any loss or damage to or in connection with the transportation of goods in an amount exceeding $500 per package lawful money of the United States, or in case of goods not shipped in packages, per customary freight unit, or the equivalent of that sum in other currency, unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading.

COGSA § 3(5), 46 U.S.C. § 13701 note.

The waybills and bills of lading for the shipments of the mangoes all state:

>26. (Limitation of Liability) (1) The Carrier shall not in any event be liable for any loss of or damage to or in connection with the Goods or the Carriage in an amount exceeding 666.67 Units of Account per package or unit or 2 Units of Account per kilogramme of gross weight of the Goods lost or damaged, whichever is the higher.  The Unit of Account mentioned in the preceding sentence is the Special Drawing Right (SDR) as defined by the International Monetary Fund.  Notwithstanding anything else contained herein, if this Bill covers the Goods moving to or from the United States of America, and if the following is not invalid or unenforceable under the local law of the jurisdiction in which legal proceedings are brought, then the amount of the foregoing limitation shall instead be U.S. $500 per package or customary freight unit.

Plaintiff has submitted the affidavit of Teishi Aizawa, an experienced Japanese admiralty lawyer.  According to the affidavit, the Tokyo District Court will apply Japanese law which incorporates the Hague Visby Rules to the exclusion of COGSA.  These Rules employ what is known as a special drawing right (SDR) as the unit of account.  As noted above, the waybills and bills of lading also use SDRs to measure liability and limit liability to 666.67 SDRs for each package.  As of April 1, 2015, a United States dollar was worth .724763 SDR.  Mr. Aizawa then multiplies 666.67 by .724763.  He maintains that the product, $483.18, is the maximum payment by defendant for any package.  This is less than the $500 maximum incorporated into COGSA.  Although the limitation of liability section of the waybills and bills of lading recognize the $500 per package maximum limitation under COGSA, the provision will only apply "if [it] is not invalid or unenforceable under the local law in which legal proceedings are brought . . . ."

The defendant has countered with an affidavit of an experienced Japanese admiralty lawyer, Takeya Yamamoto.  He agrees with plaintiff's affiant that a Japanese Court would apply the Hague Visby Rules through its own COGSA and that the proper unit of account is the SDR.  It is also undisputed that the Japanese Court would award a maximum of 666.67 SDRs per package.  Nonetheless, Mr. Yamomoto correctly points out that the

plaintiff's affiant has made the wrong calculation. The conversion rates as of April 1, 2015, are as follows:

```
U.S. $1.00   = SDR       .724763
SRD1         = U.S.$    1.379760
```

Plaintiff's affiant made the mistake of calculating the conversion of dollars into SDRs, which is irrelevant. The proper calculation is the conversion of SDRs into dollars since the Japanese court will be granting damages in SDRs. Changing SDRs into dollars is determined by multiplying 666.67 by 1.379760. The product is $919.84, which, of course, is in excess of the $500 limitation in COGSA. Consequently, a Japanese court invoking Japanese law would award a cargo owner or consignee a maximum sum in SDRs which is worth more, not less, than would be awarded in dollars under United States law.

The Supreme Court has declared that "the central guarantee of § 3(8) [of COGSA] is that the terms of a bill of landing [sic] may not relieve the carrier of the obligations or diminish the legal duties specified by the Act." Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 539 (1995) (hereinafter "M/V Sky Reefer"). That section of COGSA declares that "lessening such liability otherwise than as provided in this Act shall be null and void and of no effect." Id. at 534. In M/V Sky Reefer, as in this case, "the relevant question [was] whether the substantive law to be applied will reduce the carrier's obligations to the cargo owner below what COGSA

guarantees." Id. at 539.[5]  If Japanese substantive law is applied as required under the forum selection clause, the answer to the question is "no."

Under forum non conveniens, the Court must consider only public interest factors in determining whether the forum selection clause in issue is enforceable.  Atl. Marine Constr. Co., 134 S. Ct. at 582.  Plaintiff has presented no public interest factors which would override the bargain made by these sophisticated parties for adjudication of their disputes in a Japanese forum under Japanese law.  Plaintiff's reliance on COGSA is to no avail.  Congress has prohibited carriers bringing goods into the United States by sea from inserting into shipping documents language lessening their liability to parties who have an interest in the goods.  COGSA specifically provides that any such contractual limitation "shall be null and void and of no effect."  COGSA § 3(8), 46 U.S.C. § 13701 note.  As the Supreme Court observed, COGSA was designed to "correct specific abuses by

---

5.  The specific question the Supreme Court faced in M/V Sky Reefer was whether the increased cost of litigating the action under a forum selection clause requiring arbitration in Japan equated to lessening the liability of the carrier under COGSA. The Court held that that statutory provision did not encompass "the transaction cost of litigation."  The Court also determined that it was premature to determine whether the arbitrators would apply COGSA in the Japanese Hague Rules which are less favorable to the cargo owners.  Since the District Court would retain jurisdiction, it could deal with any issue at the enforcement stage.  Unlike that case, the case before us does not contain an arbitration provision.

carriers" which were common in the 19th century.  <u>M/V Sky Reefer</u>, 515 U.S. at 534-35.  Those abuses included "capping any damage awards per package."  <u>Id.</u> at 535.  However, the forum selection clause at issue does not cap damages below what COGSA allows.  Instead, the clause permits the owner or consignee of the goods to obtain <u>more</u>.

In sum, there is no lessening of liability in this case and, thus, the strong public policy embodied in COGSA is not undermined.  Only in "the most unusual cases" does the interest of justice mandate non-enforcement of a forum selection clause. <u>Atl. Marine Constr. Co.</u>, 134 S. Ct. at 583.  Plaintiff has not met its "burden of showing that public interest factors overwhelmingly disfavor" dispute resolution in Japan pursuant to Japanese law.  <u>See</u> <u>id.</u>  The forum selection clauses here are valid and enforceable.

Accordingly, the motions of defendant to dismiss these actions based on a forum selection clause will be granted.